UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY TAYLOR,

    Plaintiff,

v.                                                Case No:  2:14-cv-169-FtM-38DNF

TRACTOR SUPPLY COMPANY,

    Defendant.
_____/

## **ORDER**[1]

This matter comes before the Court on Defendant Tractor Supply Company's Supplemental Response to Order to Show Cause (Doc. #15) filed on May 2, 2014.

## **BACKGROUND**

Plaintiff Jeffrey Taylor initiated this negligence action against Defendant in the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida on February 19, 2014. (Doc. #2). Defendant, in response, removed the case to this Court on March 24, 2014, citing diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for the removal. (Doc. #1). Upon review of the file, the Court ordered Defendant to show cause why this case should not be remanded for failure to establish subject matter jurisdiction based on the presence of diversity jurisdiction at the time of removal. (Doc. #4). In an effort to comply with the Court's order, Defendant served Plaintiff with discovery

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

requests to confirm that he is domiciled in Florida. Plaintiff did not file a response within the statutory time period, which has now expired. As a result, Defendant maintains the Court has subject matter jurisdiction because Plaintiff, through his failure to answer, has admitted that he is domiciled in Florida under Rule 36(a)(3) of the Federal Rules of Civil Procedure. (Doc. #15). As explained below, the Court disagrees with Defendant.

## DISCUSSION

A defendant may remove a civil case from state court if the case originally could have been brought in federal court. See 28 U.S.C. § 1441(a). Federal courts have original jurisdiction if there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). As the party seeking removal, the defendant bears the burden of establishing diversity jurisdiction as of the date of the removal. See Moreland v. SunTrust Bank, No. 2:13-cv-242-FtM-29UAM, 2013 WL 3716400, at *1 (M.D. Fla. July 15, 2013) (citing Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010); Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003)). Additionally, removal statutes are to be strictly construed, and any doubt as to the presence of jurisdiction should be resolved in favor of remand. See Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994); Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). With these principals in mind, the Court will address Defendant's argument.

The issue before the Court is simple, has Defendant established diversity of citizenship between the parties. An individual is a citizen where he is domiciled, not

necessarily where he is a resident.  See [McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002)]("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." (citation omitted)).  Domicile is the place of an individual's true, fixed, and permanent home and to which he has the intention of returning whenever he is absent therefrom.  See [Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989)] (citations omitted).  A domicile is not synonymous with a residence, and it is possible for someone to reside in one place but be domiciled in another.  See [id.]

As noted above, diversity was not apparent from the face of the Complaint because Plaintiff did not allege his residence, let alone his domicile.  ([Doc. #2]).  Defendant thus assumed Plaintiff to be domiciled in Florida when it filed the Notice of Removal.  ([Doc. #1]).  The Court rejected Defendant's conclusory assumption, but allowed it time to establish subject matter jurisdiction.  ([Doc. #4]).  Defendant now predicates diversity of citizenship on Plaintiff's failure to respond to its requests for admission regarding his domicile.  ([Doc. #15 at 2]).  Defendant, however, still falls short of establishing diversity of citizenship.  Diversity jurisdiction is based on the parties' status at the time of the notice of removal – here, their citizenship on March 24, 2014.  ([Doc. #1]).  Defendant's post-removal requests for admission asked Plaintiff to admit the following: "(1) You are a Florida resident. (2) Your home is located in Florida. (3) You are domiciled in Florida." ([Doc. #15 at 2]).  Plaintiff purportedly admitted to those statements on or about May 1, 2014, when the thirty-day period for him to respond had expired.  See [Fed. R. Civ. P. 36(a)(3)] ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection

addressed to the matter and signed by the party or its attorney.").[2] Thus, even if the Court accepts Plaintiff to have admitted to being domiciled in Florida, Defendant's requests of admission, as written, do not establish that diversity of citizenship existed at the time of the removal. In other words, because Defendant's requests lack any temporal timeframe, Defendant has not, as required, resolved the issue of Plaintiff's domicile when removal occurred. See Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000) ("[T]he jurisdictional facts that support removal must be judged at the time of the removal."). In addition, the Court is not convinced that the amount in controversy exceeds $75,000 given Plaintiff's computation of damages totaling approximately $56,002.75. (Doc. #14). As doubt exists as to whether federal jurisdiction existed at the time of the removal on March 24, 2014, the Court will remand this action *sua sponte* for lack of subject matter jurisdiction. See Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) (citing Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises.")); see also Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir.1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." (internal citations omitted)); Pacheco de Perez, 139 F.3d at 1373 ("We construe removal jurisdiction narrowly and resolve any doubts regarding the existence of federal jurisdiction in favor of the non-removing party[.]").

---

[2] See also Fla. R. Civ. P. 1.370 (stating that a "matter is admitted unless the party to whom the request is directed serves upon the parry requesting the admission a written answer or objections addressed to the matter within 30 days after service of the request . . .").

4

Accordingly, it is

**ORDERED:**

(1) This case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida.

(2) The Clerk of the Court is directed to transmit a certified copy of this Order to the Clerk of the Court for the Twentieth Judicial Circuit in and for Charlotte County, Florida.

(3) The Clerk of the Court is directed to **CLOSE** this case, terminate all previously scheduling deadlines, and deny any pending motions as moot.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of June, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record